**UNITED STATES v. EPSTEIN.**
Crim. No. 16977.
United States District Court

E. D. Pennsylvania.
Dec. 4, 1953.
On Reargument April 28, 1954.

W. Wilson White, U. S. Atty., James F. Brown, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

James L. Price, Nochem S. Winnet, Philadelphia, Pa., for defendant.

GRIM, District Judge.

The allegations in the indictment set forth the following. Between May 16 and December 31, 1946, Jack D. Grollman, an honorably discharged veteran, was employed by Regal Corrugated Box Company, Inc. and by Allied Shipping Supply Company, Inc., of which corporations defendant, Abraham Epstein, was president and treasurer respectively. During this period Epstein caused Grollman, using his status as a veteran, to apply for certain government surplus property, namely, envelopes, boxes and bags. The application for the property was false in that it stated that the property was not to be sold by the veteran, when in truth and in fact it was procured for the purpose of sale and was sold by the veteran to his employers, Regal Corrugated Box Company, Inc. and Allied Shipping Supply Company, Inc. Epstein had knowledge of and participated in all the details of the transactions.

The indictment was filed on November 28, 1952. Defendant contends that the usual federal three year statute of limitations, 18 U.S.C. (Supp. V) § 3282, applies to the case and that since the last overt act in the transactions took place on December 30, 1946, the indictment must be dismissed. The government contends that the statute of limitations does not bar the prosecution because of the Wartime Suspension of Limitations

Act, 18 U.S.C. (Supp. V) § 3287, which provides:

> "When the United States is at war the running of any statute of limitations applicable to any offense (1) involving fraud or attempted fraud against the United States or any agency thereof in any manner, whether by conspiracy or not, or (2) committed in connection with the acquisition, care, handling, custody, control or disposition of any real or personal property of the United States * * * shall be suspended until three years after the termination of hostilities as proclaimed by the President * * *."

The termination of hostilities as proclaimed by the President occurred on December 31, 1946. The Wartime Suspension of Limitations Act has been construed to mean that for wartime crimes to which it is applicable an indictment can properly be found at any time within six years after December 31, 1946. United States v. Grainger, 346 U.S. 235, 244–246, 73 S.Ct. 1069, 97 L.Ed. 1575.

The question is whether the Wartime Suspension of Limitations Act applies to the present case. Count I of the indictment charges the defendant with having conspired to defraud the United States in violation of 18 U.S.C. § 88.[1] Count II of the indictment charges that the defendant caused Grollman, a veteran, to make a false statement under the False Claims Act, 18 U.S.C. § 80.[2]

It is clear as defendant contends that the Wartime Suspension of Limitations Act applies only to offenses involving "the defrauding of the United States in any pecuniary manner or in a manner concerning property." Bridges v. United States, 346 U.S. 209, 221, 73 S. Ct. 1055, 1062, 97 L.Ed. 1057. Defendant contends that the present case is not one in which fraud is an essential ingredient of the offenses charged (namely, conspiracy to defraud the United States[3] and causing false statements to be made[4]). That may well be, but this argument disregards the second section of the Suspension Act which provides that "when the United States is at war the running of any statute of limitations applicable to any offense * * * (2) committed in connection with the * * disposition of any real or personal property of the United States * * * shall be suspended until three years after the

---

1. Section 37 of the Criminal Code, 35 Stat. 1096, now (since the codification of 1948) 18 U.S.C.(Supp. V) § 371.

2. 52 Stat. 197. In the codification of 1948, § 80 was subdivided by placing its false claims clause in Section 287, and its false statement clause in Section 1001 of 18 U.S.C.(Supp. V).

3. Count I of the indictment charges a conspiracy "to defraud the United States" under the General Conspiracy Act. (See Note 1, supra.) Although the conspiracy count is expressed in terms of fraud, fraud is not an essential ingredient of the conspiracy charged. Since the principal crime (charged in Count II) of causing a false statement to be made does not involve fraud, the subsidiary crime (charged in Count I) of conspiracy to commit the principal crime cannot involve fraud. "A charge of conspiracy to commit a certain substantive offense is not entitled to a longer statute of limitation than the charge of committing the offense itself. There is no additional time prescribed for indictments for conspiracies

as such. The insertion of surplus words [namely, 'to defraud the United States'] in the indictment does not change the nature of the offense charged." Bridges v. United States, 346 U.S. 209, 223, 73 S.Ct. 1055, 1063, 97 L.Ed. 1557.

4. In Bridges v. United States, 346 U.S. 209, 222, 73 S.Ct. 1055, 1062, 97 L.Ed. 1557, the Supreme Court states: "The offense there charged is that Bridges knowingly made a false material statement in a naturalization proceeding. In that offense, as in the comparable offense of perjury, fraud is not an essential ingredient. The offense is complete without proof of fraud, although fraud often accompanies it. * * * [E]ven though the offense may be committed in a pecuniary transaction involving a financial loss to the Government, that fact, alone, is not enough to suspend the running of the three-year statute of limitations. * * * [T]he suspension does not apply to the offense charged unless, under the statute creating the offense, fraud is an essential ingredient of it. * * *"

**948**

termination of hostilities as proclaimed by the President."

 Certainly the substantive offense charged in the indictment (namely, causing false statements to be made) was "committed in connection with the disposition of * * * property of the United States", and for this reason the Wartime Suspension of Limitations Act applies to the offense charged and has suspended the running of the general three-year statute of limitations. Therefore, the indictment was brought on time.

Accordingly, it is Ordered that defendant's motion to dismiss the indictment is denied.

#### On Rearguement

And now, April 28, 1954, after reargument and having considered the briefs of counsel, the previous order of this Court denying defendant's motion to dismiss the indictment is hereby affirmed for the reasons set forth in the opinion filed in this matter on December 4, 1953.